Welch, J.
The real controversy is between the plaintiff and W. & D. McDonald; and the ultimate question is, whether the plaintiff is released from his obligation to pay the $600 note, or from further accounting for the mortgage property.
The plaintiff says he has exausted the mortgage property; that there is still more than the amount of the $600 note due from Keely upon the mortgage, and that Collins is liable upon his guaranty for the excess of the amount so due over and above the $600 note.. But as Keely and Collins are both insolvent, the plaintiff does not press his claim for the balance *gc> claimed to be due, and is content to be quieted in his title to the land, and protected against the payment of the note to W. & D. McDonald.
Under the existing state of the pleadings, we think it must be assumed that the arrangement for part payment and for further time, *114 indorsed on the old mortgage, was entered into without the consent of OolJins or the McDonalds. There is no proof upon that point, and it being charged both negatively and affirmatively, without any answer to either Charge, it seems to us the burden of proof rests on the party asserting the affirmative. One effect, therefore, of this arrangement was to release Collins from his guaranty, by giving further time to ELeely without his consent. The mere giving of further time, however, would not necessarily fix the liability of Fithian to pay the note. The note was payable when the mortgage should be collected, and unless the transaction amounted to a payment or satisfaction of the mortgage, Fithian did not thereby become liable to pay the note. Such, we think, was not the character of the transaction. It was a mere payment of part of the debt, and a substitution of new securities for the balance. It seems to have been entered into in good faith, and to be no more than a reasonable use of the discretion which Fithian might be allowed to exercise, as collector of the claim for the benefit of both parties.
The remaining question is, whether the mortgage property has been exhausted, so that the McDonalds are not entitled to any amount thereof.. There can be no doubt that their interest in the subject-matter is of a nature to entitle them to make the inquiry. In effect, they stand as the owners of the last $600 of the mortgage debt, and have the rights of junior mortgagees, with the additional right to look to Fithian as their collecting agent, for an .account- of his doings in the premises. Fithian has brought the matter before a court of chancery, and the defendants have a right to ask that the court, having once taken jurisdiction of it, shall administer full relief to all the parties. The mortgaged property was the common fund set apart for the payment of both parties, and its management for that purpose was intrusted to Fithian. He has so managed as to become the apparent owner of *it all, without consultation-with the other party. If there was enough of injudiciously managed, to pay both parties, or to reach and partly pay the note, then he ought either to pay the note, or to account for the full value of the property, so far at least as to indemnify the owners of the $600 note. He should have consulted the owners of the note at the time he made the arrangement with Keely. Not having done so, he can not complain if they exercise the option to affirm or disaffirm the same, at least so far as regards *115 the price allowed for the southwest quarter. He ought also to account for rents and profits of the northwest quarter.
In our opinion, the sale of said northwest quarter on execution, passed only the equity of redemption to Eithian, and not an absolute title. The case is not like that of Fosdick v. Rich', 15 Ohio, 84, where a third person was the .purchaser, and where all the parties interested in the mortgage were parties to the judgment upon which the sale was made. Here the assignee of the mortgagee was purchaser, and the other parties in interest, W. & D. McDonald, were no parties, either to the judgment or the sale; and the case is only made stronger against Eithian, by the fact that he was acting as their agent in the matter. But as the purchase money paid by Eithian, the $960, was in fact applied upon the mortgage, that amount of the purchase money arising from a resale, with interest from the time it was paid, will first be refunded to him, and only the balance applied upon the mortgage.
A decree may, therefore, be entered quieting plaintiffs title, on condition that he pay the amount due on the $600 note in-days; and in default of such payment, the decree will direct the sale of the northwest quarter. It will also require Fithian to account for the full value of the southwest quarter, as of the time it was pur. chased of Keely, less the price paid or allowed; and for the rents and profits of the northwest quarter, less taxes and improvements, from the time Keely was liable to be ejected under the old mortgage. The net amount of funds arising from these three sources, after refunding the $960 and interest, to Fithian, will be applied: 1. In payment of the costs ; 2. In payment to Fithian of the balance due on *the mortgage, less the amount of the $600 note and interest; and, 3. In payment of the amount due on the $600 note.
Decree accordingly, and cause remanded for proceedings thereunder.
Day, C J., and White, Brinkerhoee, and Soott, JJ., concurred.